JERRY E. SMITH, Circuit Judge,
dissenting:
I respectfully dissent and would affirm on the ground that this is a case of premises defect. The majority takes the position that this is a negligence case, not a premises defect case, because “Fontenot owned and controlled the truck, the purported premises.” But the idea that Fontenot’s mere ownership of the truck is for all purposes controlling does not withstand scrutiny.
Consider, for example, a claim by an independent contractor that an employee of the general contractor negligently left a *735 sharp object in the independent contractor’s toolbox while working on the general’s premises, so that when the independent contractor reached in his box, he was injured. If the independent contractor sued the general, would the claim not be for a defect on the premises or a negligent activity within the two-theory premises liability framework? Presumably, according to the panel majority, this would be a pure negligence claim because the independent contractor owns his toolbox.
Surely this cannot be right. Indeed, this theory would allow claimants easily to escape Texas’s carefully crafted common-law limitations on a general contractor’s/premises owner’s liability to business invitees by narrowing the focus of their claim to the most minute factual basis— ¿a, “a sharp object was left in my toolbox,” rather than the more natural view that the independent contractor was injured while working on the general’s premises as a result of either a negligent activity or a defect.
So, it cannot be mere ownership of the truck that is dispositive. But to the extent the majority reasons that this case is outside the premises liability framework because a truck cannot be a premises, this too is questionable. First, if the truck is not a distinct premise, then Fontenot must have been on FedEx premises. After all, he was either on FedEx premises or he was not. To hold otherwise is to create some metaphysical space that is neither his premises nor FedEx’s.
There is Texas authority holding that a vehicle can be a premises. In Gibbs v. Shuttleking, Inc., 162 S.W.3d 603 (Tex.App.-El Paso 2005, pet. filed), for example, the court considered a negligence claim by a bus driver against his employer, the owner of the bus, for injuries sustained when hijackers boarded the bus and shot him. Specifically, the court considered whether the claim was outside the premises liability rubric because, as the plaintiff maintained, a bus is not a fixed piece of property and thus cannot qualify as a premises. The court rejected this argument. Though a bus is not real property, the court reasoned that it is nevertheless “a workplace—a definite area and locality” and thus is “sufficiently similar to a ‘premises’ to fall under the purview of’ the premises liability framework. Id. at 613.
The critical question, then, is one of control: Who was in rightful control of the premises at the time of the allegedly negligent activity? It is undisputed that FedEx was rightfully in control. And it is the failure to grasp the critical nature of the control concept that animates the majority’s hypothetical concerning the presumed liability Fontenot could have to a FedEx employee who slipped on an oily area Fontenot negligently left in his truck. This conjured fact situation should pose no difficulty for us in deciding this case, however, because the hypothetical leaving of oil in the back of the truck—is an activity that would have occurred while Fontenot was in control of the premises; by contrast, here the activity alleged to be negligent—the loading of the boxes—-occurred while FedEx was in control of the truck.
I appreciate the majority’s diligent efforts to sort through the possible theories of liability, but I respectfully conclude that it has chosen the wrong one, so I respectfully dissent.